[No. 6559.]

## BAILEY V. COLLEGE OF THE SACRED HEART.

1. PRACTICE IN THE SUPREME COURT—*Waiver of Errors*— Errors not argued will be regarded as waived—(118).

2. PLEADINGS—*Construction—Contract or Tort*—The complaint alleged that the defendant was conducting a boarding school; that plaintiff's committed their minor son to the care of defendant, as a pupil in such school, in pursuance of a contract, whereby, for a consideration named, defendant agreed, among other things, that in case of the sickness of the child, plaintiffs should be immediately notified, and a skilled physician should be called to prescribe for an attend upon the child; that the child was seized with a contagious illness, that the defendant failed to inform plaintiffs, and neglected to call a physician; that plaintiffs being informed of his illness, by the child himself, were permitted to remove him; that defendant failed to inform them of the dangerous character of the disease with which the child was afflicted; that although plaintiffs immediately employed skillful physicians, by reason of "the negligence and breach of contract" by defendant, the disease had made such progress as to be beyond the reach of medicine, and therefrom the child died. *Held*, an action upon the contract and not in tort—(117-119).

Such complaint states a cause of action. The court is not to say, as a matter of law, that the breach of the contract was not the proximate cause of the death of the child—(119-120).

Averment that the defendant is a "corporation * * * under the laws of the state of Colorado, for the purpose of encouraging learning, extending the means of education, and giving permanency and usefulness" to a certain college named, is not to be taken as importing that the defendant is conducting a charity, and so is not liable upon the contract or for the negligence of its officers—(119).

*Error to Denver District Court.*—HON. CARLTON M. BLISS, Judge.

Messrs. TALBOT, DENISON & WADLEY for plaintiff in error.

Mr. T. J. O'DONNELL, Mr. JOHN W. GRAHAM and Mr. R. T. McNEAL for defendants in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

The action is for damages which plaintiffs claim they suffered from wrongful acts of defendant. A demurrer to the complaint on the grounds that there was a misjoinder of parties plaintiff, and that it did not state facts sufficient to constitute a cause of action, was sustained and, the plaintiffs electing to stand thereby, the action was dismissed. The complaint charges that defendant is "a corporation organized and existing under and by virtue of the laws of the state of Colorado, for the purpose of encouraging learning and of extending the means of education, and of giving permanency and usefuless to the institution known as the College of the Sacred Heart; and that to such ends it conducted and carried on a boarding school and college in the city of Denver, state of Colorado." It further alleges that plaintiffs entered into a contract with defendant whereby the latter agreed for a stated pecuniary consideration, to be paid monthly, to provide tuition and board for plaintiffs' minor child, and in the event that he should be taken sick while at defendant's college it would cause plaintiffs to be immediately notified thereof, and would send for a skilled attending physician, and have him administer to, nd prescribe for, their son during any such illness, the lees of such physician to be an extra charge to plaintiffs. That in pursuance of the contract plaintiffs entered their son as a student and boarder in defendant's school and he was then physically and mentally sound, well, and strong. That he remained in such school from November 13th until December 11th, 1906; that in the latter part of November he became sick with diphtheria, a contagious disease, and continued so to be sick at the school

until December 11th; that defendant knew, or ought to have known, in the exercise of reasonable diligence, the nature of the sickness; that the ordinance of the city of Denver required all such schools to report to the health commissioner every case of contagious disease occurring in the school; that plaintiffs' son was a minor, and that defendant did not have its own, or any other, attending physician connected with its college, and neglected and failed to send for any to attend plaintiffs' son in his illness; that if defendant had performed its duties growing out of the contract referred to, plaintiffs' son would have recovered his health; but defendant failed to observe and keep its agreements, and that plaintiffs first learned from their son himself that he was ill, whereupon they were suffered and permitted by defendant to remove him from the school, defendant not informing them that the child had diphtheria, or was even dangerously sick. Immediately, and until his death, plaintiffs provided him with treatment and care of skillful physicians; but by reason of the neglect and breach of the contract by defendant, the disease had left the child with paresis of the throat and heart, so that in consequence thereafter, and within less than a month, he died of paralysis of the heart. Damages were asked against defendant in the sum of $5,000.

There is nothing in the record to indicate upon what ground the demurrer was sustained. Defendant, upon this review, has not argued the first ground, that there was a misjoinder of parties plaintiff, and, under our practice, has waived the assignment. Both of the parents, however, may join in a suit of this kind.—*Pierce v. Conners,* 20 Colo. 178-183.

The question, then, is whether the complaint sets up a cause of action. It is apparent that the action sounds in contract, not tort. There are certain expres-

sions in the complaint which, segregated from the context, might indicate a reliance on negligence, independent of contract, but considering the complaint in its entirety, it is clear that plaintiffs' cause of action, as conceived and relied upon by them, was for a breach of the contract set out in the complaint.

The theory of plaintiffs is that the complaint states a contract between them and an ordinary business private corporation whereby, for a valuable consideration, defendant corporation agreed to do certain things which it failed to do, by reason whereof the death of their child ensued, for which they are entitled to receive compensatory damages. Defendant's theory is that there is sufficient in the complaint to show that it is a purely eleemosynary institution, organized under the laws of this state as a corporation not for profit, that it is supported by trust funds which must be held sacred and cannot be used, either as the result of contract, or through negligence by its managing officers, for any other purpose than that of carrying out the object for which it was created, and, therefore, this contract was not one which defendant by its officers could make, and that, if the cause of action is for a tort committed, defendant is not liable for the negligence of its agents.

Evidently the trial court adopted the views of defendant and entered judgment accordingly. We think the demurrer should have been overruled. If defendant's theory as above outlined is true and can be established by the evidence, such ultimate facts do not appear in the complaint, and they are not to be deduced from its existing allegations. A court is not called upon to lay down abstract principles of law, which may have no application to the real dispute between the parties. It is true that plaintiffs' counsel argues that, even upon a state of facts

which defendant says the complaint, by construction, sets
forth, defendant is liable for its breach of the contract
pleaded. We withhold expression of opinion thereon, for
defendant may file an answer, which the facts produced
at the trial may establish, making an entirely different
case. This court is not organized to decide moot cases.
It will be time to apply the law when the pleadings, or
facts, or both, present a real controversy. The only al-
legation in the complaint as to the character of defendant
corporation is the one which has been quoted in the fore-
going statement. It may be subject to a special demurrer
for uncertainty as to defendant's corporate character, yet
it is good against a general demurrer, as stating a cause
of action for breach of a contract which, so far as the
complaint shows, was within the power of defendant to
make. Defendant argues that the breach of the contract
was not the proximate cause of the child's death. We
can not, as matter of law, say that it was not. The com-
plaint says it was. The answer may deny it, and the
proofs may, or not, be with defendant. Until the facts
are made known, decision of the point should be with-
held.

The judgment is reversed and the cause remanded
with instructions to vacate the judgment of dismissal and
the order sustaining the demurrer, to enter an order over-
ruling the demurrer, with leave to defendant to answer
as it may be advised. Further proceedings, if any, to be
in harmony with this opinion.

*Reversed and remanded.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL con-
cur.