### No. C-1807

**The City of Colorado Springs, a municipal corporation v. James F. Gladin and Faye J. Gladin**

(599 P.2d 907)

Decided September 10, 1979.

Gordon D. Hinds, City Attorney, Horn, Anderson & Johnson, Gregory L. Johnson, for petitioner.

Cleveland, Wengler & Robbins, Edward D. Cleveland, for respondents.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

We issued certiorari to review the interpretation by the court of appeals of the Colorado Governmental Immunity Act (section 24-10-101, *et seq.,* C.R.S. 1973) in *Gladin v. Von Engeln and City of Colorado Springs,* 41 Colo. App. 486, 590 P.2d 76 (1978). The court of appeals affirmed the trial court's denial of the motion by the City of Colorado Springs (City) to limit its liability to $100,000 under section 24-10-114(1)(a), C.R.S. 1973. We affirm the court of appeals' ruling that the City's liability in the present circumstances is not limited to $100,000. However, we reverse its holding that the limitation on judgment in section 24-20-114, C.R.S. 1973, was an affirmative defense which the City waived because it did not raise it prior to final judgment.

Respondents, Mr. and Mrs. Gladin, were co-owners of property damaged by subsidence. In an action by them against the City, as succeeding owner of the adjacent property, the City was found liable in the amount of

$70,000, interest and costs. Additionally, the trial court by mandatory injunction required the City to furnish lateral support to the Gladins' property. We affirmed this judgment of the district court.[1]  *Gladin v. Von Engeln,* 195 Colo. 88, 575 P.2d 418 (1978).

The City paid into the registry of the district court $100,000 as its claimed entire liability. The court ordered $88,583.90 paid to the Gladins in satisfaction of the judgment, interest and costs. The balance remains in the registry. The City claims it will cost at least $40,000 to comply with the mandatory injunction and that such compliance will result in a total liability greater than $100,000, which it claims is the statutory maximum which can be recovered from it.

## I.

■ The General Assembly adopted the Colorado Governmental Immunity Act in response to our trilogy of opinions announced in 1971: *Evans v. Board of County Com'rs of County of El Paso,* 174 Colo. 97, 482 P.2d 968; *Flournoy v. School Dist. No. 1 in City and County of Denver,* 174 Colo. 110, 482 P.2d 966; and *Proffitt v. State,* 174 Colo. 113, 482 P.2d 965. Those opinions overruled the court-made doctrine of sovereign and governmental immunity, recognizing the authority of the General Assembly to restore the doctrine in whole or in part.

Section 24-10-102, C.R.S. 1973 provides that the state and its political subdivisions "should be liable for their actions . . . only to such an extent and subject to such conditions as are provided by this article." Thus, since in our earlier opinion liability of the City was affirmed, our first task here is to determine the limit of the amount recoverable.

Section 24-10-114 then reads in part:
"Limitations on judgments. (1) The maximum amount that may be recovered under this article shall be:
(a)   For any injury to one person in any single occurrence, the sum of one hundred thousand dollars;
(b)   For an injury to two or more persons in any single occurrence, the sum of three hundred thousand dollars; except in such instance, no person may recover in excess of one hundred thousand dollars."

Section 24-10-103(2) defines "injury":
"(2)   'Injury' means death, injury to a person, damage to or loss of property, of whatsoever kind, which would be actionable in tort if inflicted by a private person."

■ The City urges that, since the injury suffered was damage to a single tract, subsection (1)(a) is applicable and limits recovery against it by both Gladins to $100,000. On the contrary, each of the Gladins owned

---

[1] In affirming the district court, we reversed the intervening opinion of the court of appeals. *Gladin v. Von Engeln,* 37 Colo. App. 447, 550 P.2d 352 (1976).

an undivided one-half interest in the property and each was injured. An analogous situtation would be if each of them owned the entire interest in one-half of the property. Therefore, subsection (1)(b), not (1)(a), applies. The limitation is $300,000, with the further limitation of $100,000 per injured person. Thus, where two persons own property which is damaged, the total statutory limitation on the amount recoverable is $200,000.

The judgment recovered against the City amounted to $88,583.90 (including costs and interest). The cost of compliance with the mandatory injunction was claimed to be at least $40,000. The sum of these two figures does not exceed $200,000. The City, therefore, cannot complain that the necessary expenditure arising from the judgment and the injunction exceeds the recovery limit ($200,000) imposed by the General Assembly.

Under this disposition, we do not reach the argument by the Gladins that the City's cost of compliance with the injunction is exclusive of the statutory limitation.

## II.

The court of appeals held that the statutory limitation on judgment was an affirmative defense available to the City, and that it was waived because it was not presented in the pleadings, at trial or in the motion for a new trial. C.R.C.P. 8(c), 12(h) and 59(f). It relied on section 24-10-108, C.R.S. 1973, which reads:

"Sovereign immunity remains a defense — when. Except as provided in sections 24-10-104 to 24-10-106, sovereign immunity shall be available to a public entity as a defense to an action for injury."

However, the Colorado Governmental Immunity Act defines as exceptions to governmental immunity the kind of conduct for which the City was here held liable. Section 24-10-106, C.R.S. 1973. It specifically states that sovereign immunity shall not be asserted as a defense for injuries resulting from the "operation and maintenance of any public . . . electrical facility, power facility . . . or a dangerous condition existing therein." The City's conduct was within one of the exceptions. *See Gladin v. Von Engeln, supra.* Thus, there was no defense of immunity for the City to assert.

The Gladins suggest that the limitation on amounts of judgment in section 24-10-114, C.R.S. 1973 is a "retained" or "reserved" element of sovereign immunity and judgment limitation must be treated as an affirmative defense. We do not agree. Nowhere does the Act state that sovereign immunity is an affirmative defense available only beyond the recovery limits imposed by section 24-10-114. Rather, that section simply imposes a limit on the recovery allowed per plaintiff and per occasion.

Judgment affirmed in part and reversed in part. The cause is returned to the court of appeals for remand consonant with the views expressed in this opinion.

JUSTICE LEE does not participate.