Carolyn HALE, Plaintiff-Appellant,

v.

Jay Franklyn MORRIS, d/b/a Children's Dental Chalet, Defendant-Appellee.

No. 84CA0276.

Colorado Court of Appeals, Div. III.

March 27, 1986.

Rehearing Denied May 22, 1986.

Certiorari Denied Sept. 15, 1986.

Kripke, Epstein & Lawrence, P.C., Kenneth N. Kripke, Joseph M. Epstein, Denver, Kenneth A. Jaray, Colorado Springs, David C. Japha, Denver, for plaintiff-appellant.

Rothgerber, Appel, Powers & Johnson, James R. Everson, Frederick J. Baumann, Peter C. Forbes, Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff, Carolyn Hale, appeals the partial summary judgment in favor of defendant, Jay Franklin Morris, dismissing all of her claims, except her claim for wrongful death, arising from the death of her son. Plaintiff claims the trial court erred in dismissing her individual claims against defendant, a dentist, for outrageous conduct and negligent infliction of emotional distress and in dismissing claims for breach of contract and failure to obtain informed consent, both of which she asserts are individual claims. We affirm.

The following facts appear to be undisputed. Plaintiff brought her five-year-old son, Corey, to defendant's dental office for his appointment to have eleven of his teeth treated. Defendant administered certain pretreatment drugs to Corey and left him with plaintiff. Sometime later, a dental assistant escorted Corey to the operatory and seated him in a dental chair. Defendant dentist then administered other drugs to Corey.

Plaintiff meanwhile left defendant's office to perform certain errands. When she returned to defendant's office, she discovered emergency vehicles parked outside. Defendant's receptionist informed her that Corey was having a breathing problem.

Plaintiff did not see Corey until later when she arrived at the hospital emergency room. Corey had suffered respiratory failure and then cardiac arrest. By virtue of life support systems, he remained alive for two days until he was finally diagnosed as brain dead and was thereafter pronounced legally dead.

Thereafter, plaintiff brought this action based both upon a claim for wrongful death and upon separate individual claims for outrageous conduct, negligent infliction of emotional distress, lack of informed consent, and breach of implied contract. The trial court granted defendant's motion for partial summary judgment against plaintiff's separate individual claims, and this appeal followed pursuant to Rule 54(b) C.R. C.P.

I.

Plaintiff contends the trial court erred in dismissing her separate individual claim against defendant for breach of implied contract for his alleged failure to use reasonable and ordinary care in treating her son. The trial court dismissed this claim on the basis that, had Corey lived, he would have been entitled to bring it on his own behalf, and concluding therefore that the claim was barred unless brought under the wrongful death act. Plaintiff argues that she is entitled to bring a separate individual claim, based upon a common law breach of contract theory, that is separate from any claims brought under the wrongful death statute. We disagree.

Plaintiff argues that, in *Bailey v. College of The Sacred Heart* 52 Colo. 116, 119 P. 1067 (1911), the Supreme Court recognized a common law *ex contractu* action, separate from a wrongful death action, which, by analogy, allows parents to recover general and special damages for a

child's death resulting from a physician's breach of an implied contractual duty. Plaintiff, however, mistakes the court's holding. There, the only issue the court reached was whether the facts *prima facie* supported the authority of defendant school's officers to enter into a contract on the school's behalf, obligating it to call a physician should plaintiffs' child need medical attention. Thus, that case does not support plaintiff's argument.

The wrongful death statute, § 13–21–202, C.R.S., provides:

"When the death of a person is caused by a *wrongful act, neglect, or default* of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then ... the person who ... would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured." (emphasis added)

This statute was enacted in derogation of the common law. The cause of action it creates is strictly statutory—it is derivative and allows only the recovery of monetary losses sustained by certain surviving relatives of a decedent. *DeCicco v. Trinidad Area Health Ass'n*, 40 Colo.App. 63, 573 P.2d 559 (1977).

The law is clear that a common law contract remedy may be available to a surviving patient. *Zostautas v. St. Anthony De Padua Hospital*, 23 Ill.2d 326, 178 N.E.2d 303 (1961). However, according to the majority view, the common law rule, which provides that no action will be allowed for the death of a human being, bars a common law *ex contractu* action against a physician for breach of an express or implied promise should the patient die as a result of the physician's malpractice. *Zostautas v. St. Anthony De Padua Hospital, supra; see* Annot., 86 A.L.R.2d 316.

■ Accordingly, we hold that, because the breach of contract cause of action would belong to Corey, if he had survived, plaintiff may bring such claim on Corey's behalf under the wrongful death act. *See*

*Fish v. Liley*, 120 Colo. 156, 208 P.2d 930 (1949); *Ayala v. Joy Manufacturing Co.*, 580 F.Supp. 521 (D.Colo.1984). However, the common law bars plaintiff from bringing this claim as a separate individual action. Thus, inasmuch as plaintiff sought to recover breach of contract damages on Corey's behalf which were in addition to those statutorily allowed under the wrongful death act, the trial court properly dismissed that claim.

■ Similarly, plaintiff's argument, that the trial court erred in dismissing her claim based upon lack of informed consent, is without merit. A claim for lack of informed consent sounds in negligence, *Stauffer v. Karabin*, 30 Colo.App. 357, 492 P.2d 862 (1971), and could have been brought by plaintiff on behalf of Corey, if he had survived. *See Mallett v. Pirkey*, 171 Colo. 271, 466 P.2d 466 (1970). Thus, it is likewise barred unless brought under the wrongful death act.

## II.

Plaintiff next argues that the trial court erred in dismissing her claim for negligent infliction of emotional distress. The trial court dismissed plaintiff's claim as a matter of law because the undisputed facts disclose that defendant's conduct did not threaten bodily harm to plaintiff and because she was not present when the alleged harm was inflicted upon Corey. Because she claims it was likely that she would observe the consequences of the injury defendant allegedly inflicted upon Corey, plaintiff contends she should have been allowed to establish that it was reasonably foreseeable to defendant that he would cause her to suffer emotional distress. We disagree.

Restatement (Second) of Torts § 436(2) sets out the applicable principles of law. *Towns v. Anderson*, 195 Colo. 517, 579 P.2d 1163 (1978). Under that provision of the Restatement, recovery of damages is limited to a plaintiff who suffers emotional distress because he is personally subjected to an unreasonable risk of bodily harm by virtue of the negligence of another. Restatement (Second) of Torts § 436(3) which allows a plaintiff suffering bodily harm to

recover damages for his "shock or fright at harm or peril to a member of his immediate family occurring in his presence" has not been adopted by a Colorado appellate court. *Towns v. Anderson, supra; Millican v. Wolfe,* 701 P.2d 107 (Colo.App.1985) (cert. granted May 28, 1985).

 The trial court accordingly found, and we agree, that plaintiff could not recover for negligent infliction of emotional distress because she was not subjected to any threat of direct harm herself. Moreover, the trial court further found that, even if Restatement (Second) of Torts § 436(3) were applicable in Colorado, the harm Corey suffered, which eventually led to his death, did not occur in plaintiff's presence and that, therefore, plaintiff could not recover thereunder. *See* Restatement (Second) of Torts § 436 comment f. We, accordingly, uphold the trial court's dismissal of plaintiff's claim for negligent infliction of emotional distress. For the same reason, the trial court properly dismissed plaintiff's claim for outrageous conduct. *See Rugg v. McCarthy,* 173 Colo. 170, 476 P.2d 753 (1970); *see also* Restatement (Second) of Torts § 46(1).

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.