**Harold JAMES and Janell James, Plaintiffs-Appellants,**

v.

**Deborah HARRIS and Paul Harris, Defendants-Appellees.**

No. 84CA1225.

Colorado Court of Appeals, Div. I.

April 17, 1986.

Rehearing Denied May 22, 1986.

Kofoed & Larson, P.C., Scott R. Larson, Denver, for plaintiffs-appellants.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Gregg C. McReynolds, Richard G. Peterson, Denver, for defendants-appellees.

ENOCH, Chief Judge.

Plaintiffs, Mr. and Mrs. James, appeal the trial court's dismissal of Mrs. James's claim for negligent infliction of emotional distress and Mr. James's derivative claim for loss of consortium. Mrs. James's claim is premised on allegations that she suffered emotional injuries as a result of witnessing an accident in which defendant Deborah Harris ran over plaintiffs' minor child as defendant was backing her car out of plaintiffs' driveway. We affirm.

The sole issue in this case is whether the trial court erred in refusing to permit Mrs. James to maintain a cause of action for her emotional suffering which resulted, not from fear for her own personal safety, but solely from fear for her child's safety. We decline to recognize such a cause of action and, thus, find no error in the trial court's ruling.

In *Towns v. Anderson*, 195 Colo. 517, 579 P.2d 1163 (1978), our supreme court abolished the "impact" rule in cases of bystander recovery, and thus, proof that plaintiff has sustained physical injury or impact by virtue of defendant's negligence is no longer required in order for plaintiff to recover damages. The court adopted "a more reasonable approach to the area of emotional injuries," sometimes referred to as the "zone-of-danger" rule. That rule is set forth in Restatement (Second) of Torts § 436(2) (1965), as follows:

"If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock, or other similar and immediate emotional disturbance, the fact that such harm ·results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability."

Restatement (Second) of Torts § 436(3) (1965), further extends liability for a bystander's emotional injuries. That subsection allows a plaintiff suffering emotional harm to recover damages for "shock or fright at harm or peril to a member of plaintiff's immediate family occurring in plaintiff's presence," even though fear for personal safety is not involved. The supreme court in *Towns* was not presented with, and specifically refused to reach, the question whether § 436(3) should be followed in Colorado. *See Towns v. Anderson, supra.*

More recently, in *Hale v. Morris*, 725 P.2d 26 (Colo.App.1986), our court refused to adopt Restatement § 436(3), rejecting a mother's argument that she should have been allowed to establish that it was reasonably foreseeable to defendant dentist that his alleged negligence in treating her son would cause her to suffer emotional distress.

We recognize that some jurisdictions have expanded liability beyond both the traditional impact rule and the zone-of-danger rule. For example, in *Dillon v. Legg*, 68 Cal.2d 728, 65 Cal.Rptr. 72, 441 P.2d 912 (1968), the California Supreme Court court rejected the zone-of-danger rule in favor of a case-by-case approach based upon whether the defendant should reasonably foresee the injury to plaintiff or, in other words, whether defendant owes plaintiff a duty of due care even though plaintiff is in no way placed in jeopardy of an injury. *See also James v. Lieb*, 221 Neb. 47, 375 N.W.2d 109 (1985); *Paugh v. Hanks*, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983); *Culbert v. Sampson's Supermarkets, Inc.*, 444 A.2d 433 (Maine 1982). However, this so-called "foreseeability" rule has been rejected by a number of jurisdictions. *See, e.g., Whetham v. Bismarck Hospital*, 197 N.W.2d 678 (N.D.1972); *Guilmette v. Alexander*, 128 Vt. 116, 259 A.2d 12 (1969); *Tobin v. Grossman*, 24 N.Y.2d 609, 301 N.Y.S.2d 554, 249 N.E.2d 419 (1969).

The problem of bystander recovery is evidenced by the confusion and disagreement among the jurisdictions as to whether

there are manageable limitations of the tort. In our view, the rule governing the scope of liability for negligently inflicted emotional distress should not be expanded beyond the zone-of-danger limitation articulated by our supreme court in *Towns v. Anderson, supra.* We agree with the conclusion reached in *Waube v. Warrington,* 216 Wis. 603, 258 N.W. 497 (1935), that: "[D]efendant's duty and plaintiff's right ... can neither justly nor expediently be extended to any recovery for physical injuries sustained by one out of the range of ordinary physical peril as a result of the shock of witnessing another's danger."

In rejecting the "foreseeability" rule, we find persuasive the reasoning of Judge Breitel of the New York Court of Appeals in *Tobin v. Grossman, supra,* in which the court refused to recognize any theory of bystander recovery:

"Assuming that there are cogent reasons for extending liability in favor of victims of shock resulting from injury to others, there appears to be no rational way to limit the scope of liability.

. . . .

"There are too many factors and each too relative to permit creation of only a limited scope of liability or duty.

"Beyond practical difficulties there is a limit to attaining essential justice in this area. While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. The risks of indirect harm from the loss or injury of loved ones is pervasive and inevitably realized at one time or another. Only a very small part of that risk is brought about by the culpable acts of others. This is the risk of living and bearing children. It is enough that the law establishes liability in favor of those directly or intentionally harmed."

Mrs. James concedes that at no time was she subjected to any unreasonable risk of harm because of defendant's alleged negligence, which would have placed her within the zone-of-danger. Therefore, her claim for negligent infliction of emotional distress and Mr. James's derivative claim for loss of consortium were properly dismissed.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.