Wanda Lee KIMELMAN, Bernard P. Kimelman, Perry James Kimelman, Terri Lynn Kimelman and Stacy Lee Kimelman, Plaintiffs–Appellants,

v.

CITY OF COLORADO SPRINGS d/b/a Evergreen Cemetery and Milton Steinkruger d/b/a Evergreen Funeral Home, Defendants–Appellees.

No. 87CA1106.

Colorado Court of Appeals, Div. IV.

Dec. 8, 1988.

Rehearing Denied March 16, 1989.

Certiorari Denied June 26, 1989.

J. Gregory Walta, Colorado Springs, for plaintiffs-appellants.

Hall & Evans, Earl W. Shaffer, Malcolm S. Mead, Denver, for defendant-appellee City of Colorado Springs d/b/a Evergreen Cemetery.

Willis and Gorsuch Kirgis, David Pitinga, Colorado Springs, for defendant-appellee Milton Steinkruger.

FISCHBACH, Judge.

Plaintiffs, members of the Kimelman family (the Kimelmans), appeal the summary judgment entered in favor of defendants, City of Colorado Springs (City) and Milton Steinkruger (Steinkruger), on their claims for damages for mental suffering based on defendants' alleged negligence and breach of contract. We affirm.

The Kimelmans had contracted with Steinkruger to provide a casket and funeral services for their deceased son. At Steinkruger's request, the City agreed to sell the Kimelmans a grave site and to perform the burial. After the funeral service, the Kimelmans went to the grave site, where the pallbearers set the casket on a lowering device designed to lower the casket gradually into the grave. The device failed, and the casket fell headlong into the grave, where the lid slid back and revealed the decedent's upright upper body.

The Kimelmans sued the defendants under several causes of action, including negligent infliction of emotional distress and emotional distress resulting from breach of contract. The trial court entered summary judgment in favor of each defendant on both claims, on the former because the plaintiffs were not in the zone-of-danger and on the latter because the breach was not accompanied by willful, insulting, or wanton conduct on the part of the defendants.

## I.

■ The Kimelmans concede that they could not have been physically injured by the falling casket. They assert, however, that the zone-of-danger test should not be applied to the funeral setting, and that we should, instead, adopt the Restatement (Second) of Torts § 868 (1965), which allows recovery for mental distress resulting from negligent interference with a dead body, regardless of whether the affected person was in range of physical peril. We disagree.

■ A person may recover for the negligent infliction of emotional distress if he "is subjected to an unreasonable risk of bodily harm." *Towns v. Anderson*, 195 Colo. 517, 579 P.2d 1163 (1978); *James v. Harris*, 729 P.2d 986 (Colo.App.1986); *Hale v. Morris*, 725 P.2d 26 (Colo.App.1986).

The supreme court has declined to reach the issue of allowing damages when fear of personal safety was absent, *Towns, supra*, and our court has explicitly rejected recovery where the plaintiff observed injury to a living family member but was in no danger herself. *James v. Harris, supra; see Hale v. Morris, supra; see also Millican v. Wolfe*, 701 P.2d 107 (Colo.App.1985). In rejecting a claim for damages for a mother's emotional distress from seeing her child run over by a car and killed, our court cited both the practicality of setting some limit to liability, and the justness of holding defendants liable only to the extent of their culpability. *James v. Harris, supra*.

■ Despite the express disinclination of our courts to expand liability beyond the zone-of-danger, the Kimelmans urge rejection of the rule in funeral situations because, they contend, the emotional distress resulting from a mishandled funeral is a predictable, foreseeable consequence.

Assuming the factual accuracy of that contention, we do not recognize that situation as being so unusual as to justify carving an exception to the zone-of-danger requirement. The same dilemma exists in setting manageable limitations to recovery to bystanders at funerals as exists in other contexts where injury to a loved one is observed. "Assuming that there are cogent reasons for extending liability in favor of victims of shock resulting from injury to others, there appears to be no rational way to limit the scope of liability." *James v. Harris, supra*, quoting *Tobin v. Grossman*, 24 N.Y.2d 609, 301 N.Y.S.2d 554, 249 N.E.2d 419 (1969).

We therefore decline to adopt Restatement (Second) of Torts § 868, and affirm the trial court's holding that the Kimelmans cannot recover for negligent infliction of emotional distress because they were not in the zone-of-danger.

## II.

We also reject the Kimelmans' contention that the trial court erred in granting summary judgment on their claim for emotional distress resulting from negligent breach of contract.

### A.

 Damages for mental suffering are recoverable for breach of contract when the breach is accompanied by "willful, insulting or wanton conduct." *Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985); *McCreery v. Miller's Grocerteria Co.*, 99 Colo. 499, 64 P.2d 803 (1936); *Hall v. Jackson*, 24 Colo.App. 225, 134 P. 151 (1913). Contrary to the Kimelmans' assertions, *Mortgage Finance, Inc. v. Podleski*, 742 P.2d 900 (Colo.1987), when read in context, does not hold otherwise.

Here, the Kimelmans do not dispute the trial court's ruling that the defendant's conduct was not willful or wanton; therefore, the trial court correctly entered summary judgment against them on that basis.

### B.

 The Kimelmans also contend that damages for emotional distress should be awarded here because the contract is of such a personal and special nature that the parties knew, or should have known that a breach would result in severe mental or emotional distress. We do not agree.

In cases involving requests for damages for mental suffering resulting from the breach of a funeral contract, our appellate courts have twice rejected the opportunity to create an exception to the rule that damages for mental distress alone are not recoverable in the absence of willful and wanton conduct. *See Fitzsimmons v. Olinger Mortuary Ass'n*, 91 Colo. 544, 17 P.2d 535 (1932); and *Hall v. Jackson, supra.*

In *Hall v. Jackson, supra*, an undertaker negligently prepared the body of plaintiff's husband for shipment to a funeral so that it was in an advanced state of decomposition when it arrived for burial. In rejecting plaintiff's action for damages for mental anguish, the court refused recovery in the absence of willful or wanton conduct. This ruling was reaffirmed in *Fitzsimmons v. Olinger Mortuary Ass'n, supra*, where the court held that damages for mental anguish were recoverable because the conduct of an undertaker, in using the decedent's name and a photograph of his coffin for advertising purposes in disregard of plaintiff's explicit instructions to avoid publicity, was willful and wanton.

We hold the rule exemplified by these cases to be dispositive. Accordingly, any special circumstances exception to the requirement of proof of willful and wanton conduct is inapplicable here. *Cf. Trimble v. City & County of Denver, supra.*

JUDGMENT AFFIRMED.

TURSI and METZGER, JJ., concur.