Steven R. AIKEN, Sharon S. Aiken–Bevis, and Debbie L. Webb–McMahon, Plaintiffs–Appellees,

v.

James D. PETERS, Defendant–Appellant.

No. 94CA1001.

Colorado Court of Appeals, Div. II.

June 29, 1995.

Stephen M. Munsinger, Denver, for plaintiffs-appellees.

Eric Ruderman, Katharine K. Nanda, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

In this wrongful death action brought pursuant to § 13–21–201, C.R.S. (1994 Cum. Supp.), defendant, James D. Peters, appeals the judgment entered on a jury verdict in favor of plaintiffs, Steven R. Aiken, Sharon S. Aiken–Bevis, and Debbie L. Webb–McMahon. We affirm in part, reverse in part, and remand for a new trial.

Plaintiffs sued defendant for causing the death of their mother, defendant's former wife. Defendant admitted liability, and a jury trial was held on the issue of damages. The jury awarded plaintiffs a total of $804 for economic damages and $990,000 for noneconomic damages; the court, applying § 13–21–102.5(3)(a), C.R.S. (1987 Repl.Vol. 6A), reduced the latter award to $500,000.

## I.

Defendant contends that the trial court erred in admitting evidence of certain legal actions undertaken by defendant after the decedent's death. We agree.

Shortly before her death, decedent had obtained a Colorado decree of dissolution and property settlement. Defendant later moved the court to set aside the property settlement on the grounds that the marriage had earlier been annulled in a Nevada action. That motion was denied, and defendant appealed. Defendant also filed a claim in the probate court to delay any distribution of the contested property pending judicial resolution of the issue.

In the instant action, plaintiffs sought to introduce into evidence copies of defendant's probate court claim and notice of appeal in the dissolution action. Defendant objected because of the prejudicial nature and lack of relevance of the evidence.

Plaintiffs' theory of relevance of these materials was that these legal actions by defendant served to remind plaintiffs of their mother's death, thus increasing their grief, and the court admitted them on that basis. During rebuttal argument, plaintiffs' counsel referred to defendant's post-death actions, arguing that they aggravated plaintiffs' emotional suffering by forcing them to relive their mother's death. Counsel also argued that these actions proved that defendant was motivated by greed in causing the decedent's death.

On appeal, defendant contends that the court should not have allowed evidence or argument relating to his post-mortem legal actions. We agree.

■ In a wrongful death action, § 13–21–203(1), C.R.S. (1994 Cum.Supp.) authorizes the jurors to award:

such damages as they may deem fair and just, with reference to the *necessary injury resulting from such death,* including damages for noneconomic loss or injury as defined in and subject to the limitations in section 13–21–102.5 [C.R.S. (1987 Repl.Vol. 6A)] and including within noneconomic loss or injury damages for grief, loss of companionship, pain and suffering, and emotional stress, to the surviving parties who may be entitled to sue; and also having regard to the mitigating or aggravating circumstances *attending any such wrongful act,* neglect, or default [that caused the death].... (emphasis supplied)

On its face, the plain language of § 13–21–203(1) requires that the noneconomic damages recoverable result from the death of the decedent. *See Moffatt v. Tenney,* 17 Colo. 189, 30 P. 348 (1892) (construing substantially identical language in former statute). Hence, if the wrongdoer, after causing the decedent's death, engages in separate, additional, and unrelated acts that cause *additional* mental suffering, the latter suffering cannot be said to be a "necessary injury" resulting from the wrongful death of the decedent. While such additional acts may or may not provide a basis for the assertion of an additional claim against the wrongdoer, any such further injury does not result from the decedent's death.

■ Here, while defendant's later actions in contesting the dissolution court's property orders might not have caused plaintiffs the type of mental suffering allegedly sustained by them had it not been for their mother's

previous death, it was, nevertheless, those actions and not the death that caused the alleged further injury.

Further, the claim created by the wrongful death statute is one that is possessed, collectively, by the heirs at law of the decedent, and any proceeds derived from the prosecution of such claim are to be divided among those heirs. Section 13–21–201(2), C.R.S. (1994 Cum.Supp.). In contrast, to the extent that a wrongdoer's later, separate, wrongful act causes any compensable injury to any person, each person thus injured would have a personal claim against the wrongdoer, not shared by any other person. Such claims, if existent, would not be governed by the wrongful death statute.

Given these circumstances, therefore, we conclude that evidence of defendant's later actions with respect to the dissolution proceedings were irrelevant to any proper issue presented by plaintiffs' wrongful death claim. Hence, the trial court committed error in allowing such evidence to be placed before the jury.

█ Because plaintiffs emphasized this evidence in presenting their closing argument to the jury, we cannot say that such error was harmless, given the nature of the verdict returned. Hence, a new trial is necessary. However, because the admission of this evidence could have affected the verdicts only with respect to noneconomic damages, any new trial should be limited to a consideration of that issue.

## II.

█ Defendant also argues that the court erred in refusing to allow him to present expert testimony that, had decedent lived, her estate would have been substantially diminished by expenditures that she would have made to support herself. Relying on discussions of the concept of "net pecuniary loss" to be found in *Pierce v. Conners*, 20 Colo. 178, 37 P. 721 (1894); *Ford v. Board of County Commissioners*, 677 P.2d 358 (Colo. App.1983); and *Good v. A.B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217 (1977), he argues that an expected diminution in the decedent's estate is a fact that the factfinder may con-

sider in assessing a plaintiff's economic loss in a wrongful death case.

However, in his brief before us, defendant also asserts that the amount of economic damages awarded here was not based upon any pecuniary loss to plaintiffs, but rather was intended to compensate them only for funeral and other related death expenses, which are recoverable in addition to other economic damages which the heirs may have suffered. *See* § 13–21–203.5, C.R.S. (1994 Cum.Supp.); *CJI–Civ.3d* 10:3A (1995 Supp.). The record supports this conclusion.

Given this award, then, the trial court's refusal to admit evidence with respect to the anticipated ultimate value of decedent's estate, if error at all, was harmless.

Further, because plaintiffs have not cross-appealed from the judgment entered on this portion of the jury verdict, that portion of the judgment may be affirmed, and no further trial of such issue is necessary.

## III.

█ Among issues that may arise on retrial is defendant's contention that the trial court erred in construing § 13–21–203(1), C.R.S. (1994 Cum.Supp.) as increasing to $500,000 the total amount the court was authorized to award as noneconomic damages. We agree that such was error.

Section 13–21–102.5(3)(a), C.R.S. (1987 Repl.Vol. 6A) is generally applicable "[i]n any civil action in which damages for noneconomic loss or injury may be awarded...." It provides that the total of such damages shall not exceed $250,000, unless the court determines by clear and convincing evidence that there is justification therefor, in which event the total amount of damages shall not exceed $500,000.

In contrast, § 13–21–203(1), which specifically applies only to wrongful death actions, provides that:

*Notwithstanding anything* in this section or *in section 13–21–102.5 to the contrary*, there shall be no recovery under this part 2 [the wrongful death statute] for noneconomic loss or injury in excess of two hun-

dred fifty thousand dollars. (emphasis supplied)

The trial court construed the foregoing emphasized language as incorporating the provisions of the general damages statute into the wrongful death statute. Hence, it concluded that it was authorized to enter an award totaling $500,000.

The plain meaning of the phrase "notwithstanding anything to the contrary," or a like phrase, is that the referenced material is to be *disregarded;* if it otherwise would be applicable, the phrase renders it inapplicable. *See, e.g., Diversified Management, Inc. v. Denver Post, Inc.,* 653 P.2d 1103 (Colo.1982) (statute requiring preponderance of evidence standard to be used, "[a]ny provision of law to the contrary notwithstanding," requires use of such standard absent constitutional prohibition).

Here, then, the plain and unambiguous language of § 13–21–203(1) mandates that, in wrongful death cases, the provisions of § 13–21–102.5 that authorize the court to enter an award of damages for noneconomic losses up to $500,000 are to be disregarded. Under § 13–21–203(1), the total damages recoverable for noneconomic damages in wrongful death cases cannot exceed $250,000 in any case.

That part of the judgment awarding plaintiffs economic damages is affirmed; that portion awarding plaintiffs damages for their noneconomic injury is reversed; and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

JONES and CASEBOLT, JJ., concur.