**Alma E. CARD, Plaintiff–Appellant,**

v.

**Linda BLAKESLEE, Defendant–Appellee.**

No. 95CA1536.

Colorado Court of Appeals,
Div. II.

Aug. 22, 1996.

Rehearing Denied Oct. 10, 1996.

Certiorari Denied June 9, 1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1995 Cum.Supp.).

Themia E. Sandven, P.C., Themia E. Sandven; Holme Roberts & Owen, L.L.C., Boyd N. Boland, Laurence B. James, Kelly M. Condon, Denver, for Plaintiff–Appellant.

Zarlengo Mott Zarlengo & Winbourn, Zane R. Moseley, Denver, for Defendant–Appellee.

Opinion by Judge TURSI.*

Plaintiff, Alma E. Card, appeals from the summary judgment entered in favor of defendant, Linda Blakeslee, on plaintiff's claims of defamation, negligent infliction of emotional distress, and outrageous conduct. We affirm.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

Plaintiff's complaint alleged that, during defendant's therapy sessions with plaintiff's adult daughter, the daughter experienced false memories of past physical abuse including sexual abuse by plaintiff and others.

The plaintiff contends that defendant published a letter dated July 19, 1993 (the daughter's letter) to third parties stating that plaintiff and others had abused the daughter in the past. The complaint further alleged that defendant authored and published another letter (attached to the letter) dated April 18, 1993, (the recommendation letter) which read as follows:

To Whom it May Concern:

In the interest of the health and recovery of my client, [daughter], it is my strong recommendation that she DOES NOT HAVE ANY CONTACT with any of her family of origin at this time! In the future, if she should decide to resume contact and it is to her benefit and recovery, I would support her to do so.

Sincerely,

Linda Blakeslee, M.S.W.C, C.R.R.N., R.N.

Defendant moved for summary judgment as to each of the claims asserted against her. Defendant presented affidavits that she did not write or publish the daughter's letter. She also asserted that the daughter's letter (the only one the amended complaint alleged to contain defamatory material) did not constitute libel per se and that, even if it amounted to libel per quod, plaintiff had failed to plead any special damages.

Defendant further argued that summary judgment was proper on the claim of negligent infliction of emotional distress because plaintiff could not demonstrate that she was subject to an unreasonable risk of bodily harm. Finally, defendant asserted that summary judgment was appropriate as to plaintiff's claim of outrageous conduct because, as a matter of law, the conduct alleged was not sufficiently outrageous.

Plaintiff sought and received extensions of time totaling forty-six days in which to respond to defendant's summary judgment motion. In her response, plaintiff presented counter-affidavits and discovery responses. Plaintiff also requested additional time to conduct discovery, citing C.R.C.P. 56(f). However, in making that request, plaintiff did not file a supporting affidavit.

Thereafter, plaintiff filed a motion to compel discovery of information that defendant had claimed was protected by the psychologist-patient privilege.

The trial court granted defendant's motion for summary judgment as to all claims and, based upon that order, ruled that all remaining motions, including plaintiff's motion to compel, were rendered moot.

Under C.R.C.P. 56(c), summary judgment is proper only when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Cung La v. State Farm Automobile Insurance Co.*, 830 P.2d 1007 (Colo.1992). The moving party has the initial burden to show that there is no genuine issue of material fact. However, once the moving party has met its initial burden of production, the burden shifts to the non-moving party to establish that there is a triable issue of fact. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.1987).

I.

Plaintiff first contends that the trial court abused its discretion in ruling on defendant's summary judgment motion while plaintiff's motion to compel was still pending. We disagree.

C.R.C.P. 56(f) provides as follows:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

We have located no Colorado authority addressing the issue whether a trial court may defer ruling on a motion for summary judgment pursuant to C.R.C.P. 56(f), absent the filing of a timely affidavit in support of such relief. However, numerous federal de-

cisions construing substantially similar Fed. R.Civ.P. 56(f) have held that such an affidavit is mandatory. *See Weir v. Anaconda Co.,* 773 F.2d 1073 (10th Cir.1985) (Fed.R.Civ.P. 56(f) makes it possible for a party to avoid summary judgment by filing an affidavit explaining why it cannot present specific facts in response to the motion and only upon the filing of such an affidavit does the trial court have discretion to delay ruling on the motion to permit additional discovery); *Committee for the First Amendment v. Campbell,* 962 F.2d 1517 (10th Cir.1992), (argument of counsel does not provide a substitute for the affidavit required by Fed.R.Civ.P. 56(f)); *see also Paddington Partners v. Bouchard,* 34 F.3d 1132 (2nd Cir.1994) (reference to Fed. R.Civ.P. 56(f) in memorandum of law opposing summary judgment and need for additional discovery is not adequate substitute for affidavit specified by rule). We conclude that this principle is applicable under C.R.C.P. 56(f).

Here, although plaintiff noted C.R.C.P. 56(f) in her brief opposing the summary judgment motion, it is undisputed that she failed to submit an affidavit as required under the rule. Accordingly, the trial court was without discretion under C.R.C.P. 56(f) to defer ruling on defendant's summary judgment motion based upon a claimed need for additional discovery. *See Weir v. Anaconda Co., supra; Paddington Partners v. Bouchard, supra; see also Radich v. Goode,* 886 F.2d 1391 (3rd Cir.1989) (counsel's unverified assertion in memorandum opposing summary judgment does not comply with Fed.R.Civ.P. 56(f) and results in a waiver).

Hence, the trial court acted properly in ruling on defendant's motion for summary judgment, despite plaintiff's pending motion to compel.

## II.

▇ Plaintiff next contends that the trial court erred in granting summary judgment on plaintiff's claim of negligent infliction of emotional distress. Again, we disagree.

The trial court concluded that "no triable issues of material fact exist in regard to the claim of negligent infliction of emotional distress [because] plaintiff was neither in the zone of danger nor subject to an unreasonable risk of bodily injury . . . ."

In Colorado, in order to recover on a claim of negligent infliction of emotional distress, the plaintiff must be subject to a direct threat of harm or an unreasonable risk of bodily harm. *See Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978); *Chellsen v. Pena,* 857 P.2d 472 (Colo.App.1992); *Hale v. Morris,* 725 P.2d 26 (Colo.App.1986).

Indeed, as recently as 1994, our supreme court indicated that it has "never recognized a cause of action for emotional distress grounded in negligence without proof that plaintiff sustained physical injury or was in the 'zone of danger.'" *Culpepper v. Pearl Street Building, Inc.,* 877 P.2d 877 (Colo. 1994).

We decline plaintiff's invitation to carve out a general exception to the zone of danger requirement for claims of negligent infliction of emotional distress allegedly caused by a mental health professional. *See Kimelman v. Colorado Springs,* 775 P.2d 51 (Colo.App. 1988), *cert. denied,* 493 U.S. 981, 110 S.Ct. 512, 107 L.Ed.2d 514 (1989) (declining to create exception to zone of danger requirement for negligent infliction of emotional distress claims relating to funeral accidents).

In support of her claim for negligent infliction of emotional distress, plaintiff relies on *Montoya v. Bebensee,* 761 P.2d 285 (Colo. App.1988). We find that ruling inapplicable here.

In *Montoya,* a psychologist's associate made reports to government officials that plaintiff had sexually abused his daughter. The associate also testified as an expert witness in a visitation dispute that she had "no doubt" plaintiff sexually abused the child. Plaintiff asserted a variety of claims against the associate and her supervisor, including a claim for negligent infliction of emotional distress. In reversing the trial court's dismissal of that claim based upon a lack of duty, a division of this court held that a limited duty did exist, the scope of which it described as follows:

[A] mental health care provider owes a duty to any person, who is the subject of any public report or other adverse recommendation by that provider, to use due care in formulating any opinion upon which such a report or recommendation is based.

*Montoya v. Bebensee, supra,* at 289.

Here, however, unlike the circumstances in *Montoya,* plaintiff has not alleged or provided any evidence that defendant formulated or rendered any opinion accusing plaintiff of abuse. Nor has plaintiff alleged that defendant published a public report or recommendation accusing plaintiff of abuse as those terms were used in *Montoya.*

Thus, because plaintiff did not allege or provide evidence of a duty as described in the *Montoya* case, and because she otherwise failed to plead or prove any evidence that she was subject to an unreasonable risk of bodily harm, we conclude that the trial court properly entered summary judgment in favor of defendant on plaintiff's claim of negligent infliction of emotional distress.

### III.

Plaintiff next contends that the trial court erred in concluding that her claim for outrageous conduct was legally insufficient. We are not persuaded.

■ One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress to another and, if bodily harm to the other results from it, for such bodily harm. *Destefano v. Grabrian,* 763 P.2d 275 (Colo.1988). The conduct must be so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

■ The trial court should determine, in the first instance, whether reasonable people may differ as to whether the conduct of defendant is sufficiently extreme to result in liability. *Churchey v. Adolph Coors Co., supra.*

■ Here, the primary focus of plaintiff's outrageous conduct claim was defendant's authorship of the one paragraph recommendation letter dated April 18, 1993. However, under the circumstances revealed in the consideration of the summary judgment motion, we agree with the trial court that defendant's conduct in writing that letter was "not sufficiently heinous to create a submissible claim." *See Hutton v. Memorial Hospital,* 824 P.2d 61 (Colo.App.1991).

### IV.

Finally, we also disagree with plaintiff's contention that the trial court erred in entering summary judgment on her claim for defamation.

■ In Colorado, the elements of a cause of action for defamation are: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication. *Williams v. District Court,* 866 P.2d 908 (Colo.1993); *see Walters v. Linhof,* 559 F.Supp. 1231 (D.Colo. 1983).

Colorado has codified the publication requirement in § 13–25–125.5, C.R.S. (1995 Cum.Supp.), which provides in relevant part as follows:

No action for libel or slander may be brought or maintained unless the party charged with such defamation has published, either orally or in writing, the defamatory statement to a person other than the person making the allegation of libel or slander....

■ Publication of a defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed. *See* Restatement (Second) of Torts § 577 (1977).

■ Here, in moving for summary judgment, defendant attached daughter's affidavit stating that she alone wrote and mailed the letter. The affidavit further averred that defendant "neither encouraged nor advised

me to write or mail the letter, nor did [defendant] conspire with me or assist me in the writing and mailing of the letter" and that "the decision to write and mail the letter was solely my decision."

The summary judgment motion was also supported by defendant's affidavit stating that she had not written or mailed the daughter's letter nor had she conspired with, assisted, advised, or encouraged the daughter to write or mail the letter.

We conclude that, through these affidavits, defendant met her initial burden of demonstrating an absence of genuine issue of material fact concerning the defamation element of publication. *See Continental Air Lines, Inc. v. Keenan, supra.*

In her response, plaintiff asserted that there was a dispute "as to whether [defendant] was involved in the publication of the [daughter's] letter" and that "further discovery" would reveal such alleged involvement. Plaintiff then noted that the daughter's letter contained language and themes similar to those found in the recommendation letter. Finally, plaintiff argued that defendant had demonstrated a "significant lapse of memory" at her deposition which plaintiff characterized as "proof ... that [d]efendant was involved in the publication." We do not perceive these matters as sufficient to create an issue of fact that cannot be resolved by summary judgment.

Thus, the trial court properly entered summary judgment in favor of defendant on the defamation claim.

The judgment is affirmed.

MARQUEZ and KAPELKE, JJ., concur.