Denise MITCHELL, Plaintiff–Appellant,

v.

Gloria RYDER, Ph.D., Defendant–Appellee,

and

Concerning Juanita Benetin, Attorney–Appellant.

No. 99CA0586.

Colorado Court of Appeals, Div. V.

Sept. 14, 2000.

Rehearing Denied Oct. 12, 2000.

Certiorari Granted April 16, 2001.

Juanita Benetin, P.C., Juanita Benetin, Brandi Pummell, Denver, Colorado, for Plaintiff–Appellant and Attorney–Appellant.

Law Offices of Peter R. Bornstein, Peter R. Bornstein, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

Plaintiff, Denise Mitchell, appeals the summary judgment entered in favor of defendant, Gloria Ryder, on her negligence claim. Plaintiff and her attorney, Juanita Benetin, also appeal the trial court's award of attorney fees and costs against them following the court's determination that the negligence claims were substantially frivolous, groundless, and vexatious and were asserted in violation of C.R.C.P. 11. We reverse and remand for further proceedings.

Plaintiff, the divorced custodial parent of two small children, was involved in post-dissolution proceedings with the children's father. Because plaintiff believed father had abused the children, she wanted to modify his parenting time. Following a referral by her attorney, plaintiff engaged the psychotherapeutic services of defendant.

After a few therapy sessions, plaintiff became dissatisfied with defendant's services and informed her that she was changing therapists. In response, defendant sent plaintiff a letter expressing her opinion, *inter alia,* that: (1) the father's visitation rights should not be modified because he was not, contrary to plaintiff's belief, a threat to the children; and (2) plaintiff was alienating the children from their father by her continued actions. Defendant sent a copy of the letter to the children's father and their new therapist.

Shortly thereafter, relying in part upon defendant's letter, the father filed a motion for change of custody. After custody evaluations and a hearing were conducted, the dissolution court denied the father's motion, and visitation and custody remained unchanged.

Asserting negligence and breach of fiduciary duty claims, plaintiff then initiated this action. Defendant filed a motion to dismiss, asserting that she owed no cognizable duty to plaintiff. The trial court dismissed all claims except the negligence claims based on two allegations: 1) that defendant had negligently formulated and published her opinion that plaintiff was alienating the children from their father; and 2) that defendant had negligently formed her opinion that the father was not a threat to the children.

Defendant subsequently filed a motion for summary judgment on the remaining claims. Concluding that, contrary to the first trial judge's determination, defendant owed no duty of any kind to plaintiff upon which the negligence claim could rest, a different trial judge granted defendant's motion. Concluding also that plaintiff's claims were substantially groundless, frivolous, and vexatious, and were improperly asserted under C.R.C.P. 11, the court awarded defendant all costs and attorney fees requested. This appeal followed.

## I.

Relying on *Montoya v. Bebensee,* 761 P.2d 285 (Colo.App.1988), plaintiff contends the trial court erred in determining that defendant did not owe her a duty of care in formulating and publishing the opinion that she was alienating her children from their father. We agree.

## A.

Summary judgment is a drastic remedy that is warranted only on a clear showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56.

■ The party moving for summary judgment bears the burden of establishing the lack of a triable factual issue, and if there are any doubts as to the existence of such an issue, they must be resolved against that party. *Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993).

■ The party opposing summary judgment is entitled to the benefit of all favorable inferences that may be drawn from the facts contained in the record. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

■ Appellate review of a judgment granting a motion for summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

■ To establish a prima facie case for negligence, a plaintiff must show that (1) a legal duty was owed by the defendant to plaintiff; (2) defendant breached that duty; (3) plaintiff sustained injury; and (4) defendant's breach caused the injury. *Greenberg v. Perkins, supra.*

■ The question whether a defendant owes a plaintiff a duty to refrain from taking actions that may result in injury to the plaintiff presents a question of law to be determined by the court. Thus, on appeal, this determination is reviewed *de novo. In re Quiat,* 979 P.2d 1029 (Colo.1999).

■ If a court concludes a duty exists, it is for the trier of fact to determine whether the defendant breached that duty. *Greenberg v. Perkins, supra.*

■ Whether the law should impose a duty requires consideration of many factors, including the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden upon the actor. No one factor is controlling. Essentially, the question as to the existence of a duty is based on principles of fairness under contemporary standards-whether reasonable persons would recognize and agree that a duty exists. *Greenberg v. Perkins, supra.*

In *Montoya v. Bebensee, supra,* plaintiff brought an action based on allegedly false reports made by a psychologist's associate to government officials that plaintiff, a divorced, non-custodial parent, had sexually abused his daughter. On appeal of the trial court's dismissal of the action based on a lack of duty, a division of this court reversed, holding that a mental health care provider owes a duty to any person, who is the subject of any public report or other adverse recommendation by that provider, to use due care in formulating any opinion upon which such a report or recommendation is based.

■ Applying *Montoya* and the general principles of duty analysis here, we conclude that defendant did owe a duty of due care to plaintiff.

Here, defendant opined that plaintiff's conduct constituted parental alienation and published her opinion to the children's father while custody proceedings were pending. The risk of injury to a custodial parent involved in custody proceedings who is falsely accused of parental alienation is significant and foreseeable. *See* § 14–10–124(1.5), C.R.S.1999 (in determining the best interests of the child for purposes of parenting time, the court shall consider all relevant factors, including, among other things, the ability of the parties to encourage the sharing of love, affection, and contact between the child and the other party); *In re Marriage of Monteil,* 960 P.2d 717 (Colo.App.1998) (in awarding father residential custody, trial court found most important the evidence of inappropriate and excessive parental alienation by the mother); *In re Marriage of Finer,* 920 P.2d 325 (Colo.App.1996) (court's award of custody to father supported by court's findings that, *inter alia,* mother tended to alienate child from father).

Certainly, the risk of triggering or affecting custody litigation when such opinions are transmitted to the noncustodial spouse is immediately apparent. It was foreseeable that the father would use the information in the letter against plaintiff in seeking custody of his children. Indeed, defendant was subpoenaed as a witness in the custody proceeding, although she did not actually testify.

The burden to exercise due care placed upon therapists in formulating their professional opinions in this context is no greater than the duty that substantially all mental health professionals are already required to meet. *See Montoya v. Bebensee, supra.* Consequently, the burden placed upon therapists to exercise due care under these circumstances is not significant.

### B.

Citing *Card v. Blakeslee,* 937 P.2d 846 (Colo.App.1996), defendant nevertheless contends *Montoya* is inapplicable here because she did not publish a public report or recommendation, nor did she render a report accusing plaintiff of abuse. We reject these contentions.

In *Card,* a therapist sent a letter to her patient expressing an opinion that the patient should not have any contact with her "family of origin." The letter was addressed "to whom it may concern." The patient's mother, relying on *Montoya,* asserted a claim against the therapist for negligent infliction of emotional distress.

In affirming the trial court's dismissal of the mother's claim, a division of this court stated that, unlike the circumstances in *Montoya,* the mother had failed to allege that the therapist published a public report or recommendation, and had failed to allege the issu-

ance of an opinion accusing plaintiff of abuse. *Card v. Blakeslee, supra.*

Here, however, defendant sent a copy of her letter to the children's father, and shortly after receiving it, the father filed a motion for change of custody, relying in part upon the letter.

Thus, as in *Montoya,* the consequences to plaintiff flowed from defendant's publication of the letter to a third party who had the power to initiate proceedings against plaintiff based on its contents. Publishing a public report or adverse recommendation, as those terms were used in *Montoya,* includes publishing material to someone who is likely to and does in fact take adverse action against the person who is the subject of the publication. In contrast, the defendant in *Card* made no such publication.

Further, we do not read the *Montoya* duty to be limited to accusations of child abuse. Instead, it extends to cases in which, as here, publication of the opinion is likely to cause injury to the person described if the opinion is negligently formulated. The plaintiff in *Card* did not allege such an injury.

Accordingly, *Card v. Blakeslee, supra,* is distinguishable.

### C.

Defendant also asserts that *Martinez v. Lewis,* 942 P.2d 1219 (Colo.App.1996), *aff'd,* 969 P.2d 213 (Colo.1998), limits the holding of *Montoya.* Again, we disagree.

In *Martinez,* the plaintiff claimed that a physician negligently had performed an independent medical examination upon her, resulting in a loss of insurance benefits. A division of this court affirmed the trial court's dismissal of that claim. In doing so, it considered but rejected the plaintiff's contention that *Montoya* supported the maintenance of a claim.

The division distinguished *Montoya* because the mental health care provider in *Martinez* had examined the plaintiff at the request of a third party. The *Martinez* court held that the physician's duty ran only to the insurance company, the entity that had engaged his services. Further, the report in *Martinez* was used solely in-house by the insurance company to whom the physician directed the report; his report was never made public. Additionally, the division noted that there was no fear of others attaching a great stigma to the physician's report as it was used only to obtain an opinion about plaintiff's injuries in order for the insurance company to make a determination about no-fault benefits.

We do not read *Martinez* to limit the *Montoya* holding and, for the reasons stated above, conclude it is distinguishable from the situation presented here. Indeed, *Martinez* provides some support for plaintiff's contention because that case holds that the duty of the physician ran to the party who had engaged him. Here, it was plaintiff who engaged the defendant's services on behalf of her minor children.

We therefore conclude defendant owed plaintiff a duty of care under *Montoya v. Bebensee, supra,* to use due care in formulating and publishing her opinion that plaintiff's actions were alienating the children from their father. Accordingly, the trial court erred in dismissing the negligence claim relative to this contention.

### II.

■ Plaintiff contends that defendant had a duty to represent honestly and fairly her credentials and qualifications so that plaintiff could make an informed determination whether to engage defendant's services on behalf of her children. However, no allegation was made in the complaint concerning the existence or breach of such a duty. In addition, neither trial judge addressed such a contention in dismissing portions of the complaint or in granting summary judgment to defendant.

Moreover, at oral argument before us, plaintiff's counsel acknowledged that she was not asserting either a negligent misrepresentation or fraud claim, and agreed that her assertion of a duty in this context related primarily to the assertion of a claim under the *Montoya* principles discussed above. Under these circumstances, we decline to address this as a separate contention.

### III.

In the statement of facts portion of her brief, plaintiff contends the trial court erred in determining that defendant owed her no duty of care when concluding that father did not pose a danger to the children. However, plaintiff's opening brief presents no argument specifically addressing this issue and she has directed us to no authority supporting her proposition.

Accordingly, we decline to address this contention. *See* C.A.R. 28; *Mauldin v. Lowery*, 127 Colo. 234, 255 P.2d 976 (1953); *In re Marriage of Miller*, 888 P.2d 317 (Colo.App. 1994), *rev'd on other grounds*, 915 P.2d 1314 (Colo.1996)(appellate court will not consider legal proposition that is presented without supporting argument or authority).

### IV.

In view of these conclusions, it follows that the assertion of the claim analyzed above under *Montoya v. Bebensee, supra*, was not substantially frivolous, groundless, or vexatious within the meaning of § 13–17–101, et seq., C.R.S.1999, nor did its assertion violate C.R.C.P. 11. Accordingly, the trial court erred in awarding costs and attorney fees to defendant on that claim.

Also, because the trial court's order awarding fees and costs does not separate fees related to this contention from other fees requested, we conclude that the court should revisit the entire attorney fees issue. In doing so, if the court determines that fees should be awarded, it should make express findings concerning the relevant factors set forth in § 13–17–103 et seq., C.R.S.1999, and address plaintiff's contention that the filing of a certificate of review bears upon the appropriateness of any fee award. *See In re Aldrich*, 945 P.2d 1370 (Colo.1997).

The judgment and order awarding attorney fees and costs are reversed, and the cause is remanded for further proceedings consistent with the views set forth in this opinion.

Judge RULAND and Judge VOGT concur.