**Bruce A. DRACHMEISTER, Plaintiff–Appellant,**

v.

**Sheri A. BRASSART, Defendant,**

and

**Jefferson County Department of Human Services, Intervenor–Appellee.**

**No. 03CA0277.**

Colorado Court of Appeals, Div. III.

Jan. 29, 2004.

Certiorari Denied June 21, 2004.

Bruce A. Drachmeister, Pro Se.

William A. Tuthill, III, County Attorney, John A. Thirkell, Assistant County Attorney, Ingrid H. Holmes, Assistant County Attorney, Kathleen Curley, Assistant County Attorney, Golden, Colorado, for Intervenor–Appellee.

Opinion by Judge ROY.

Bruce A. Drachmeister (debtor) appeals a trial court order concluding that his personal injury award was subject to garnishment for child support arrearages. We affirm.

In May 1994, the court ordered debtor to begin paying child support. In 2002, a jury awarded debtor damages in a personal pinjury case. The Jefferson County Department of Social Services then filed and served two writs of garnishment for child support arrearages on debtor's personal injury counsel, seeking the proceeds of the personal injury award. Debtor responded that the proceeds of his personal injury judgment were exempt under § 13–54–102(1)(n), C.R.S.2003. The trial court denied the claimed exemption under § 13–54–106, C.R.S.2003. This appeal followed.

## I.

Debtor contends that the exemption granted in § 13–54–102(1)(n) protects the net proceeds of his personal injury judgment from garnishment for his child support obligation. We disagree.

Section 13–54–102(1)(n) states that the property "exempt from levy and sale under writ of attachment or writ of execution" includes "[t]he proceeds of any claim for damages for personal injuries suffered by any debtor except for obligations incurred for treatment of any kind for such injuries or collection of such damages."

But § 13–54–106 limits the application of such an exemption: "The exemptions provided by this article [54] shall extend and apply to writs of ... garnishment ... except those writs which are the result of a judgment taken for arrearages for child support or for child support debt which are subject to the exemptions set forth in section 13–54–104(3) [C.R.S.2003]."

The interpretation of a statute is a question of law, which we review de novo. *Ryals v. St. Mary–Corwin Reg'l Med. Ctr.*, 10 P.3d 654 (Colo.2000).

**568**

To give effect to Colo. Const. art. XVIII, § 1, exemption statutes in general have been liberally construed to achieve their purposes. *In re Marriage of Gedgaudas,* 978 P.2d 677 (Colo.App.1999).

However, if the language of a statute is plain and the meaning is clear, we need not resort to interpretive rules of statutory construction; rather, we simply apply the statute as written. *Town of Superior v. Midcities Co.,* 933 P.2d 596 (Colo.1997). Therefore, if we can give effect to the ordinary meaning of the words adopted by the legislature, the statute should be construed as written, because it may be presumed that the legislature meant what it clearly said. *Spracklin v. Indus. Claim Appeals Office,* 66 P.3d 176 (Colo.App.2002).

Section 13–54–106 is unambiguous, and the legislative intent is evident from its plain wording. Title 13, article 54 exempts certain property and earnings from garnishment, including personal injury awards under § 13–54–102(1)(n). However, the plain language of § 13–54–106 clearly permits the garnishment of otherwise exempt property or income for collection of child support arrearages.

Further, the last clause of § 13–54–106 provides that child support arrearages are subject to the exemptions from garnishment in § 13–54–104(3). Section 13–54–104(3) does not provide an exemption for personal injury awards, but rather increases the amount of disposable earnings subject to garnishment for child support arrearages.

The plain language of § 13–54–106 excludes child support arrearages from article 54 exemptions. The General Assembly has decided that the payment of child support takes precedence over the protection of the debtor's assets or income. This precedence extends to assets debtor contends are necessary to fund his treatment and rehabilitation.

Thus, based on the plain language of § 13–54–106, we conclude that the General Assembly did not intend to limit the personal injury award assets subject to garnishment for child support arrearages.

* Chief Justice MULLARKEY would grant as to the

II.

■ Debtor also contends that § 13–54–106 is unconstitutional under Colo. Const. art. XVIII, § 1, which states: "The general assembly shall pass liberal homestead and exemption laws." *See also In re Marriage of Gedgaudas, supra.* We decline to address this contention.

Here, debtor did not raise this issue in the trial court; therefore, we need not consider it on appeal. *See People v. Lesney,* 855 P.2d 1364 (Colo.1993); *People v. Goldman,* 923 P.2d 374 (Colo.App.1996).

Further, debtor posits no argument and cites no authority to support his appellate contention. *See* C.A.R. 28; *Mitchell v. Ryder,* 20 P.3d 1229 (Colo.App.2000), *rev'd on other grounds,* 54 P.3d 885 (Colo.2002); *see also Yadon v. Southward,* 64 P.3d 909 (Colo.App.2002)(pro se litigants must adhere to rules of procedure applicable to attorneys). Accordingly, we will not address this contention on the merits.

Accordingly, the order is affirmed.

Judge KAPELKE and Judge CARPARELLI concur.