Denise MITCHELL, Plaintiff–Appellant
and Cross–Appellee,

v.

Gloria RYDER, Ph.D., Defendant–
Appellee and Cross–Appellant,

and

Concerning Juanita Benetin, Attorney–
Appellant and Cross–Appellee.

No. 03CA0953, 03CA1030.

Colorado Court of Appeals,
Div. V.

Nov. 4, 2004.

Juanita Benetin, P.C., Juanita Benetin, Boulder, Colorado, for Plaintiff–Appellant and Cross–Appellee.

The Law Offices of Peter R. Bornstein, Peter R. Bornstein, Denver, Colorado, for Defendant–Appellee and Cross–Appellant.

Heather R. Hanneman, Denver, Colorado, for Attorney–Appellant and Cross–Appellee.

HUME \*, J.

Plaintiff, Denise Mitchell, and her attorney, Juanita Benetin, appeal the remand court's order affirming an attorney fee award against them and in favor of defendant, Gloria Ryder. Ryder cross-appeals the trial court's failure to address her request for fees in remand proceedings and seeks fees on appeal under C.A.R. 38(d). We uphold the fee award, conclude the cross-appeal is not ripe for appellate review, and decline to award Ryder fees on appeal.

This case is again before us following the division's decision in *Mitchell v. Ryder,* 20 P.3d 1229 (Colo.App.2000)(*Mitchell I* ), which the supreme court reversed in *Ryder v. Mitchell,* 54 P.3d 885 (Colo.2002)(*Mitchell II* ). Additional facts appear in those opinions.

This case has its origins in a child custody dispute following Mitchell's divorce. Mitchell hired Ryder, a therapist, in connection with Mitchell's concerns over the father's treatment of the children.

As relevant here, Mitchell brought negligence and breach of fiduciary duty claims against Ryder. These claims were dismissed on separate summary judgment motions.

Ryder then sought fees and costs under § 13–17–101, et seq., C.R.S.2004. Following an evidentiary hearing, the trial court entered a lengthy written order (initial order) concluding that Mitchell's claims were substantially groundless, frivolous, and vexatious and that Benetin had not performed her "gate-keeping obligation" under C.R.C.P. 11. The court awarded Ryder all costs and attorney fees requested against both Mitchell and Benetin.

Mitchell appealed the summary judgment on the negligence claim and the fee award. Benetin joined in the appeal of the fee award.

In *Mitchell I,* the division reinstated the negligence claim on the basis that Ryder owed Mitchell a duty of care in formulating and publishing a letter saying that Mitchell was alienating the children from the father. Based on this conclusion, the division also reversed and remanded the attorney fee award, concluding that the negligence claim was not substantially frivolous, groundless, or vexatious under § 13–17–101, "nor did its assertion violate C.R.C.P. 11." *Mitchell I, supra,* 20 P.3d at 1234.

In *Mitchell II,* the supreme court reversed, holding that Ryder did not owe a duty of care to Mitchell. Observing that neither party had sought certiorari on the attorney fee issue, the court said, "Accordingly, the court of appeals judgment reversing and remanding the attorney fees order stands." *Mitchell II, supra,* 54 P.3d at 893.

On remand, Ryder moved to affirm the attorney fee award. In response, Mitchell

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2004.

and Benetin argued only that the decisions in *Mitchell I* and *Mitchell II* precluded any fee award. The court, now acting through a third judge, entered a short order awarding the prior amount of costs and fees, interest, and appellate costs, without making any findings.

Mitchell paid the costs, but filed a lengthy motion to reconsider the fee award, in which she raised numerous arguments, including the effect of her certificate of review. Following further briefing, the remand court entered an order affirming its earlier order. The court also made findings under § 13–17–103, C.R.S.2004, and concluded that the certificate of review did not preclude a fee award.

### I. Attorney Fee Award to Ryder

■ Mitchell and Benetin first contend the remand court erred in affirming the award of attorney fees, arguing that *Mitchell I* reversed the entire fee award and, because neither party sought certiorari on this issue, *Mitchell II* did not reopen the possibility of a fee award. Ryder responds that *Mitchell I* reversed the fee award only as to the negligence claim, leaving the fee award as to the breach of fiduciary duty claim standing, and *Mitchell II* impliedly overruled the division's reversal of the fee award on the negligence claim. We agree with Ryder.

### A. Law of the Case

■ Although both parties rely on the "law of the case" doctrine, they reach opposite conclusions.

> The pronouncement of an appellate court on an issue in a case presented to it becomes the law of the case. Rulings logically necessary to the holding of the appellate court also become the law of the case. The law of the case as established by an appellate court must be followed in subsequent proceedings before the trial court.

*People v. Roybal*, 672 P.2d 1003, 1005 (Colo. 1983) (citations omitted). "However, the law of the case doctrine recognizes limited exceptions to one division of this court being bound by the decision of another division in an earlier appeal." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 817 (Colo.App.2003).

In *Mitchell I*, the division reversed the entire fee award on the basis of the trial court's failure to apportion fees between the two claims. That division specifically found the award erroneous only in connection with the negligence claim: "Accordingly, the trial court erred in awarding costs and attorney fees to [Ryder] on that claim." *Mitchell I, supra*, 20 P.3d at 1234.

In addition to directing the trial court on remand to make express finding concerning the factors set forth in § 13–17–103, the division said that the court should address Mitchell's "contention that the filing of a certificate of review bears upon the appropriateness of any fee award." *Mitchell I, supra*, 20 P.3d at 1234. Because the division precluded any fee award as to the negligence claim, we conclude the division intended the trial court to consider the certificate of review in connection with the fee award on the breach of fiduciary duty claim.

Hence, considering only *Mitchell I*, we would conclude that attorney fees must be allocated between the claims, fees allocable to the negligence claim are not recoverable by Ryder, and fees allocable to the breach of fiduciary claim should be awarded to Ryder, unless the certificate of review precludes such an award. *See* § 13–17–102(2.1), C.R.S. 2004 (recognizing that the filing of a certificate of review under § 13–20–602, C.R.S. 2004, creates "a rebuttable presumption that the claim or action is not frivolous or groundless").

However, before applying the law of the case doctrine, we must reconcile two statements in *Mitchell II*. On the one hand, the supreme court said that "the court of appeals judgment reversing and remanding the attorney fees order stands." *Mitchell II, supra*, 54 P.3d at 893. On the other hand, the court's remand directed the trial court to "address any attorney fees in light of our opinion." *Mitchell II, supra*, 54 P.3d at 893. These two statements are problematic because, if the court of appeals decision holding that fees allocable to the negligence claim cannot be awarded "stands," yet *Mitchell II* addresses only the negligence claim, we must

determine how the supreme court intended the trial court was to proceed on remand "in light of [its] opinion."

We conclude that, because *Mitchell II* includes no holding as to the breach of fiduciary duty claim, further proceedings on this claim were limited to consideration of the certificate of review and an allocation of fees to the defense of the claim. In this regard, the holding in *Mitchell I* on fees "stands."

Further, we interpret the phrase "in light of our opinion" as the supreme court's recognition that the remand court may revisit awarding fees allocable to the negligence claim. This interpretation is consistent with the explanation in *Mitchell I* of reversal of the fee award as a necessary consequence of its conclusion upholding the negligence claim. *See Giampapa v. Am. Family Mut. Ins. Co.*, 64 P.3d 230 (Colo.2003)(rejecting reasoning of a case because it relies on and cites another case that has been effectively overruled). In revisiting a fee award on the negligence claim, the remand court would have to consider the significance of the certificate of review as to this claim as well.

Accordingly, we conclude that the remand court was to address the following questions: (1) did the certificate of review preclude awarding fees allocable to either of the claims; (2) if not, should fees have been awarded on the negligence claim, using the factors set forth in § 13–17–103; and (3) if not, what fees were allocable to the breach of fiduciary duty claim.

## B. Certificate of Review

■ Mitchell and Benetin next contend § 13–17–102(2.1) precludes a fee award. We disagree.

Section 13–20–602(3)(a)(I), C.R.S.2004, requires that the attorney bringing a claim have "consulted a person who has expertise in the area of the alleged negligent conduct." Ryder does not dispute the expertise of the therapist who was consulted in connection with the certificate. Hence, we disagree with that portion of the remand court's order discounting the certificate of review because it rested on the opinion of a therapist rather than on that of a lawyer.

However, because we uphold the fee award under the third criterion of § 13–17–102, C.R.S.2004, that the action was "substantially vexatious," we need not determine whether the record supports this aspect of the remand court's conclusions.

We conclude the certificate of review does not preclude an attorney fee award for vexatiousness on either the breach of fiduciary duty claim or the negligence claim.

## C. Breach of Fiduciary Duty

Mitchell and Benetin next contend fees cannot be awarded on the breach of fiduciary duty claim because it was not without substantial justification. Specifically, they argue that, insofar as the division in *Mitchell I* held that the negligence claim was not substantially frivolous, groundless, or vexatious, Mitchell's breach of fiduciary duty claim was not without substantial justification because the claim was based on the same factual allegations as the negligence claim.

Having concluded that the certificate of review does not preclude a fee award on this claim and that *Mitchell I* otherwise affirmed the fee award on this claim, we need not address this argument.

## D. Negligence Claim

■ Mitchell and Benetin next contend the remand court erred in affirming the attorney fee award on the negligence claim. We disagree.

■ Whether a claim lacked substantial justification is a question of fact for the trial court. *In re Marriage of Oberg*, 900 P.2d 1267 (Colo.App.1994). An attorney fee award under § 13–17–102 is a matter ultimately committed to the discretion of the trial court, and its decision will not be disturbed if it is supported by the record. *City of Holyoke v. Schlachter Farms R.L.L.P.*, 22 P.3d 960 (Colo.App.2001).

Section 13–17–102(2), C.R.S.2004, provides for the assessment of attorney fees in actions that "lacked substantial justification." *In re Estate of Becker*, 68 P.3d 567 (Colo.App. 2003). The phrase, "lacked substantial justification" means "substantially frivolous, sub-

stantially groundless, or substantially vexatious." Section 13–17–102(4), C.R.S.2004.

A "vexatious" claim is one brought or maintained in bad faith. *City of Holyoke v. Schlachter Farms R.L.L.P.*, *supra.* Bad faith may include conduct that is arbitrary, vexatious, abusive, stubbornly litigious, aimed at unwarranted delay, or disrespectful of truth and accuracy. *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

Here, the initial order found the entire action was substantially frivolous, groundless, and vexatious under § 13–17–102(4).

Mitchell and Benetin assert the fee award on the negligence claim was improper because their argument was based on a good faith effort to extend the law concerning a therapist's duty. In this regard, we acknowledge that of the two trial judges, the other division of this court, and the supreme court who have considered the issue, one trial judge and the division generally agreed with Mitchell's duty analysis. However, because we discern no abuse of discretion in the trial court's determinations that the action was vexatious and brought in bad faith, we need not address the other grounds to award fees. *See Crissey Fowler Lumber Co. v. First Cmty. Indus. Bank*, 8 P.3d 531 (Colo.App. 2000).

### 1. Surprise

Mitchell and Benetin argue that, insofar as Ryder's motion for fees asserted only that the claims lacked substantial justification because Ryder did not owe a duty to Mitchell, they were not prepared to proceed on any other issues at the fee hearing and the trial court should not have awarded fees on any other basis. We are not persuaded.

In her reply in support of her motion for bill of costs and attorney fees, filed before the hearing, Ryder asserted, "This law suit was brought in bad faith because Dr. Ryder would not support [Mitchell's] ongoing fight over the children with her ex husband."

At the onset of the hearing, Benetin made a preliminary objection that Ryder had not disclosed her witnesses and exhibits. The court overruled this objection because Mitchell had not sought discovery. Although given the opportunity, Benetin raised no other preliminary objections. When asked why her client was not present, in the context of resolving an attorney-client privilege waiver issue as to prior counsel, Benetin said, "The issue was on cost and attorney fees and she had to work today. I didn't believe it was necessary for her to be here."

Benetin did not object to Ryder's evidence on the basis that it went beyond the issue of duty. Benetin did not seek a continuance because she was surprised. In summation, Benetin did not dispute that the court could consider vexatiousness, but argued, "My client did not bring this action vexatiously. She did have reasons to bring the case. There was a duty."

In a lengthy motion for reconsideration, Benetin did not assert that she had been surprised at the hearing by Ryder's argument concerning vexatiousness.

Accordingly, we conclude that the trial court properly considered the issue of vexatiousness.

### 2. Mitchell

In awarding fees, the initial order found that "this case presents a disturbing example of truly vexatious litigation clearly warranting the imposition of fees against both Mitchell and her counsel."

As to Mitchell, the initial order stated, with record support:

> [Q]uite apart from the question of groundlessness and frivolousness, I find and conclude that [Mitchell's] substantial, and perhaps sole, motivation for bringing and maintaining this lawsuit was a vindictive and vituperative effort to continue to inflict damage on [father], which she coupled with a corresponding willingness to inflict damage on anyone else who got in her way. [Prior counsel's] uncontradicted testimonial description of [Mitchell] being on a "holy war" was disturbingly apt. This lawsuit was simply one of [Mitchell's] many volleys in that holy war, and reflects her continuing unwillingness to accept the professional judgments of therapists and attorneys, and, more than that, her continuing unwill-

ingness to accept the judgments of the Adams County District Court.

The trial court heard testimony from Mitchell's former attorney and from the father. The record supports the conclusion that Mitchell's maintenance of the action was substantially vexatious.

Accordingly, we conclude the remand court did not abuse its discretion in affirming the attorney fee award against Mitchell based on vexatiousness.

### 3. Benetin

■ In discussing vexatiousness, the initial order stated:

Only slightly more difficult is the question of whether [Mitchell's] counsel should share the responsibility for this travesty. The answer is a resounding yes. Although lawyers have an obligation to represent their clients zealously, their zealotry is not unbounded. On the contrary, C.R.C.P. 11, § 13–17–101 et seq. and the rules of professional conduct impose on lawyers an important gate-keeping obligation: to examine the allegations brought to them by their putative clients, and to investigate the factual and legal legitimacy of those allegations. [Prior counsel] performed that important obligation in this case; [Benetin] did not.

In its supplemental findings, the remand court found the initial order's extensive findings and conclusions were "tantamount [to] or the same as a finding of bad faith."

Ryder does not assert that Benetin harbored any personal hostility towards her. Thus, upholding a fee award against Benetin for vexatiousness raises both the factual question whether the evidence shows that Benetin knew of her client's "holy war" and, if so, the legal question whether the client's vexatiousness can be imputed to the attorney for purposes of a fee award under § 13–17–101.

With respect to the evidentiary question, the initial complaint specifically referenced the Adams County District Court cases, in which prior counsel had been engaged to secure a modification of the father's overnight visitations with the children. It also referenced a telephone conference among Mitchell, prior counsel, Ryder, and another person, during which Ryder indicated that she and prior counsel believed Mitchell "was a liar, and had misrepresented the problems she had had with the children's father." At the end of the conversation, the complaint further alleged, prior counsel agreed with Ryder and withdrew from her representation of Mitchell, and Benetin undertook representation with knowledge of these facts.

Thus, the record supports the conclusion that Benetin knew the action was substantially motivated by Mitchell's vexatiousness. *Cf.* § 13–17–102(5), C.R.S.2004 ("No attorney fees shall be assessed if, after filing suit, a voluntary dismissal is filed as to any claim or action within a reasonable time after the attorney or party filing the dismissal knew, or reasonably should have known, that he would not prevail on said claim or action.").

■ More troublesome is the question of an attorney's liability for fees in an action having a colorable legal and factual basis, but brought with knowledge of the client's improper motive. The parties have cited no Colorado authority, and we have found none, on this question.

In addition to § 13–17–101, the trial court cited C.R.C.P. 11 and the Rules of Professional Conduct. We uphold the court's ruling based on the statute, and therefore, need not address C.R.C.P. 11 and the Rules of Professional Conduct.

Ryder's motion for attorney fees and reply in support thereof sought fees only under § 13–17–101, not under C.R.C.P. 11. Likewise, in opening statement at the post-trial hearing, Ryder only sought fees under § 13–17–101.

Section 13–17–102(2) provides for a fee award "against any attorney or party." However, the statute does not specifically address a fee award against an attorney based on the client's improper motive.

■ In construing a statute, our primary task is to determine and give effect to the intent of the General Assembly. *In re K.M.B.*, 80 P.3d 914 (Colo.App.2003).

Here, we begin with the legislative declaration, which recites that state courts "have become increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of civil justice." Section 13–17–101. The legislative declaration mandates liberal construction of the article to "comply with the intent set forth in this section."

Under § 13–17–102(4), "[t]he court shall assess attorney fees if ... it finds that ... the action ... was interposed for ... harassment." Imposing fees on an attorney who commenced an action, knowing that the client's primary motive was harassment, would be consistent with this language.

The criteria set forth in § 13–17–103(1), C.R.S.2004, that the court "shall consider" do not distinguish between conduct of an attorney and that of a party. Subsection (e) of § 13–17–103(1) addresses "[w]hether or not the action was prosecuted or defended, in whole or in part, in bad faith." An attorney who brought an action knowing of the client's improper motive would have used the judicial process to abuse the adverse party and thereby would have acted in bad faith. *W. United Realty, Inc. v. Isaacs, supra.*

Accordingly, we conclude the remand court did not abuse its discretion in affirming the attorney fee award against Benetin.

### E. Apportionment of Fees

Finally, Mitchell and Benetin contend the remand court erred by failing to distinguish between Mitchell's negligence claim and her breach of fiduciary duty claim in affirming the attorney fee award. In light of our prior conclusions that fees were properly awarded as to both claims, we need not address this contention.

## II. Cross–Appeal

■ On cross-appeal, Ryder contends she is entitled to her attorney fees incurred on remand in further prosecuting the fee award and in defending it on appeal. We disagree.

### A. Fees Incurred in the Trial Court

Ryder first argues the trial court erred in not awarding her fees associated with the remand. We conclude this issue is not properly presented.

Before the remand court, Ryder sought fees, but the trial court never ruled on this request. Hence, on this claim we have no final and appealable order to review, and the cross-appeal is premature. *See Dawes Agency, Inc. v. Am. Prop. Mortgage, Inc.*, 804 P.2d 255 (Colo.App.1990).

### B. Fees Incurred on Appeal

■ We also reject Ryder's contention that she is entitled to attorney fees under C.A.R. 38(d) as a sanction for a frivolous appeal.

■ C.A.R. 38(d) provides: "Sanctions for frivolous appeal. If the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous if the proponent can present no rational argument based on the evidence and law or the appeal is prosecuted for the sole purpose of harassment or delay. *Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo. 1984).

Here, Mitchell and Benetin made rational arguments. We discern no basis to conclude the appeal was for the sole purpose of harassment or delay.

The order awarding fees against Mitchell and Benetin is affirmed.

Judge DAILEY and Judge CARPARELLI concur.