FILED
United States Court of Appeals
Tenth Circuit

August 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BETTY S. WARNER;
COREY WARNER,

        Plaintiffs-Appellants,

v.

CITIMORTGAGE, INC.,

        Defendant-Appellee.

No. 12-1192
(D.C. No. 1:11-CV-02657-WYD-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Betty S. Warner and Corey Warner appeal the district court's dismissal of their

action for breach of contract, negligent infliction of emotional distress, and loss of

income. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

In February 2007, Homer Warner (Betty Warner's husband and a plaintiff in this action) obtained a loan from ABN AMRO Mortgage Group for $268,500.  The loan was evidenced by a note.  He and Betty (together, the Warners) secured his promise to repay the loan by giving a deed of trust on property in Parker, Colorado (the Property).  According to plaintiffs' complaint, ABN assigned the note and the deed of trust to defendant CitiMortgage, Inc.  In April 2008, the Warners recorded a deed showing that in January 2003, they had quit-claimed the Property to themselves, their son Corey Warner, and Corey's now ex-wife.

In December 2009, plaintiffs allegedly entered into a Trial Payment Agreement with CitiMortgage, which apparently reduced the monthly mortgage payment for a period of time.  According to the complaint, the reduced payment was timely made for twelve months, at which point CitiMortgage refused further payments, set a foreclosure sale date, and purchased the Property at a foreclosure sale.

Meanwhile, the Warners filed a voluntary Chapter 13 bankruptcy petition on June 23, 2010, and an amended plan on September 15, 2010.  The amended plan provided that the Warners voluntarily surrendered the Property and acknowledged that it "secure[d] an allowed secured claim."  Aplt. App. at 134.  The plan further provided that "[r]elief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time

- 2 -

of confirmation of this Plan." *Id.* The bankruptcy court confirmed the plan on October 18, 2010, and specifically relieved from the automatic bankruptcy stay all creditors holding liens to surrendered property.

On July 1, 2011, CitiMortgage commenced the aforementioned foreclosure proceedings, eventually purchasing the Property on August 24, 2011, for $309,900. The state court approved the sale.

Homer, Betty, and Corey Warner then filed this action in Colorado state court, claiming the sale of the Property breached the Trial Payment Agreement. They also claimed that CitiMortgage re-set the foreclosure sale date of the Property, negligently causing them emotional distress and causing Corey Warner loss of income in taking time away from his business to attend to the foreclosure proceedings. For relief, they asked the district court to "return . . . the ownership of the house to [them]," and to award an unspecified amount of damages, punitive damages, court costs, and attorney's fees. *Id.* at 13-14.

CitiMortgage removed the case to federal court, asserting diversity jurisdiction, and it contemporaneously filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). CitiMortgage argued that the breach of contract claim was barred by the res judicata effect of the confirmed bankruptcy plan and by Colorado's Credit Agreement Statute of Frauds, Colo. Rev. Stat. § 38-10-124 (Statute of Frauds). CitiMortgage also pointed out that Corey Warner did not have and could not allege that he had a contract with the bank, and it argued that any time he spent

away from his business to attend to foreclosure matters was not compensable. CitiMortgage further contended that the claim for negligent infliction of emotional distress (NIED) failed as a matter of law because CitiMortgage had acted within its legal rights under the terms of the Warners' confirmed bankruptcy plan and plaintiffs had not sufficiently pleaded the sort of distress necessary for a NIED claim.

In two responses to the motion to dismiss, plaintiffs argued only that there was no proof that CitiMortgage was the holder of the promissory note or deed of trust and that CitiMortgage ratified the Trial Payment Agreement by accepting payments.

The district court granted the motion to dismiss. The court first concluded that the confirmed bankruptcy plan was res judicata and prevented the Warners from contesting CitiMortgage's right to initiate foreclosure proceedings. In the alternative, the court ruled that the Statute of Frauds barred the breach of contract claim because the Trial Payment Agreement, although bearing CitiMortgage's insignia, was not signed, as the Statute of Frauds requires, *see* Colo. Rev. Stat. § 38-10-124(2). The court rejected the plaintiffs' ratification argument because the Statute of Frauds expressly states that a credit agreement may not be implied under any circumstances, including the performance or partial performance by either party. *See id.* § 38-10-124(3).

The district court next ruled that the NIED claim failed under Colorado law as set forth in *Card v. Blakeslee*, 937 P.2d 846, 849 (Colo. App. 1996), because plaintiffs had not alleged that they were subject to a direct threat of harm or an

- 4 -

unreasonable risk of bodily harm. The court further determined that plaintiffs failed to articulate any legal theory under which Corey Warner would be entitled to compensation for loss of income due to time spent attending to the foreclosure proceedings. Betty and Corey Warner then appealed, stating in their notice of appeal that Homer Warner is now deceased.

## II. DISCUSSION

Appellants first contend that although there was complete diversity of citizenship between the parties, CitiMortgage did not meet its burden to show that the amount in controversy exceeded $75,000, and therefore diversity jurisdiction under 28 U.S.C. § 1332(a) was lacking.[1] Although appellants did not raise this issue in the district court, we may review it on appeal because "[a] defect in subject matter jurisdiction can never be waived and may be raised at any time." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076-77 (10th Cir. 1999).

Where, as here, "a state court complaint does not identify a specific amount that the plaintiff seeks to recover," a "defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that [in excess of] $75,000 [is] in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). The defendant need not prove "the legal conclusion that the statutory threshold

---

[1]    In relevant part, § 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

amount is in controversy." *Id.* at 955. Once the facts are established, a court should remand only if it is "legally certain" that the plaintiff cannot recover the jurisdictional minimum. *Id.* (internal quotation marks omitted). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

CitiMortgage met its burden here. In its notice of removal, CitiMortgage pointed out that plaintiffs' breach-of-contract claim sought the return of ownership of the Property. CitiMortgage argued that that request for relief was worth at least the amount of the note for which the deed of trust provided security ($268,500), and it attached a copy of the note to its motion. This was sufficient to establish by a preponderance of the evidence the possibility that the value of the Property that plaintiffs sought to recover exceeded $75,000. *See McPhail*, 529 F.3d at 955 (stating that a defendant may rely on an estimate of potential damages based on a combination of facts and theories of recovery set out in complaint); *cf. id.* at 956 (approving use of a copy of an allegedly breached contract whose value exceeds $75,000). Contrary to appellants' argument, CitiMortgage's characterization of plaintiffs' prayer for relief ("a judgment that CitiMortgage has no interest, estate, or claim of any kind whatsoever in the Property," Aplt. App. at 8) was not inaccurate. Plaintiffs sought only the return of the Property, remaining silent as to any obligation to CitiMortgage they might have or that the court might resurrect.

- 6 -

CitiMortgage also pointed out that plaintiffs had checked a box on the state-court civil cover sheet stating that Colorado's simplified procedures did not apply because they were "seeking a monetary judgment for more than $100,000," *id.* at 23, which included attorney's fees, penalties, and punitive damages but excluded interest and costs. Appellants argue that reliance on the state-court civil cover sheet was improper. They cite a number of district court cases for the proposition that reliance *solely* on a cover sheet is insufficient to prove the amount in controversy. We need not decide this issue because, as noted, CitiMortgage met its burden even without reliance on the cover sheet.

In sum, CitiMortgage met its burden to establish facts showing that the amount in controversy was possibly in excess of $75,000, and appellants have failed to show that it was "legally certain," *McPhail*, 529 F.3d at 955 (internal quotation marks omitted), they could not recover the jurisdictional minimum, as required for remand.

On the merits, appellants contend that (1) their breach of contract claim was plausible and therefore sufficient to withstand a motion to dismiss; (2) the documents attached to the complaint evidencing the Trial Payment Agreement satisfy the Statute of Frauds because they contain CitiMortgage's insignia; (3) it was improper for the district court to apply res judicata in the context of a Rule 12(b)(6) motion; (4) the confirmed bankruptcy plan was not res judicata; and (5) there are factual questions regarding who is bound by the confirmed bankruptcy plan. But appellants did not raise these arguments in their district-court responses to the dismissal motion. None

of those arguments is jurisdictional, and we decline to consider any of them for the first time on appeal, *see United States v. Lattauzio*, 748 F.2d 559, 561 (10th Cir. 1984) (stating that nonmovant may not assert legal theories on appeal it did not present in the summary judgment proceeding below).

The judgment of the district court is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge